**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703,<br><br>        Plaintiff,<br><br>  v.<br><br>MACRONIX INTERNATIONAL CO. LTD<br>No. 16, Li-Hsin Road<br>Science Park, Hsin-chu<br>Taiwan, Republic of China;<br><br>and<br><br>MACRONIX AMERICA, INC.<br>680 North McCarthy Boulevard<br>Milpitas, California 95035;<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR BREACH OF CONTRACT AND QUANTUM MERUIT**

1.      This is an action for collection of attorney fees, disbursements, interest, and costs.

2.      Plaintiff Winston & Strawn LLP ("Winston & Strawn" or "Plaintiff") provided legal services to Defendants Macronix International Co., Ltd. ("Macronix International") and Macronix America, Inc. ("Macronix America") (collectively "Macronix" or "Defendants"), including representation of Macronix in two patent infringement litigations at the U.S. International Trade Commission ("ITC") located in Washington, D.C.  Those services were performed in accordance with a written engagement agreement.  After trial and a settlement that met Macronix's demands, Macronix failed to pay outstanding fees and disbursements totaling $1,788,509.

3.      On or about August 1, 2013, Macronix's competitor Spansion Inc. ("Spansion")

filed a patent infringement complaint at the ITC seeking to exclude from further importation into

the United States all infringing Macronix flash memory chips and the products of six Macronix

customers that included those chips.  Based on that complaint, the ITC instituted an investigation

*Certain Flash Memory Chips and Products Containing the Same*, Inv. 337-TA-893 ("Spansion

ITC Inv. 893").  Macronix engaged Winston & Strawn to defend Macronix and its customers in

that litigation.

4.      Macronix subsequently requested Winston & Strawn to file an ITC complaint

against Spansion seeking to exclude all infringing Spansion nonvolatile memory devices and the

products of five Spansion customers that contained those devices.  Based on that complaint, the

ITC instituted an investigation *Certain Non-Volatile Memory Devices and Products Containing

Same*, Inv. No. 337-TA-909 ("Macronix ITC Inv. 909").

5.      Macronix also requested Winston & Strawn to file separate patent actions against

Spansion in the U.S. District Court for the Eastern District of Virginia and the U.S. Patent &

Trademark Office.  Macronix also requested Winston & Strawn to defend it and its named

customers against separate actions filed by Spansion in the U.S. District Court for the Northern

District of California and the U.S. Patent & Trademark Office.

6.      In October of 2014, Winston & Strawn represented Macronix during week-long

trials in each of the two ITC cases. ITC Judge Shaw's decision in Macronix Inv. 909 against

Spansion was scheduled for issuance on February 3, 2015.  ITC Judge Bullock's decision in

Spansion ITC Inv. 893 against Macronix was scheduled for later issuance on March 20, 2015.

On January 27, 2015, Macronix and Spansion announced their settlement of all outstanding

patent disputes and actions, including their respective litigations at the ITC.

7.     At Macronix's request, Winston & Strawn provided Macronix with additional services relating to the termination of the litigations, including collection and archival of documents, and other various matters.  Those services were completed in April of 2015.

8.     After extensive negotiations, Macronix has failed to pay for Winston & Strawn's legal services and disbursements for the period December 2014 – April 2015.

## PARTIES

9.     Plaintiff Winston & Strawn LLP is a limited liability partnership organized and existing under the law of Illinois, with a principal place of business at 1700 K Street, NW, Washington, DC  20006.  Certain of Winston & Strawn's partners are residents of Washington and/or are admitted to practice by the District of Columbia Bar.

10.    Upon information and belief, Macronix International is a corporation organized under the laws of The Republic of China, having its principal place of business at No. 16, Li-Hsin Road, Science Park, Hsin-chu, Taiwan, Republic of China.  Upon information and belief, Defendant Macronix International manufactures non-volatile memory devices in Taiwan, exports them to the United States, and then sells them within the United States through its subsidiary Defendant Macronix America.  Defendant Macronix International may be served using any form of mail that this Court's Clerk addresses and sends and that requires a signed receipt pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii).

11.    Upon information and belief, Macronix America is a wholly-owned subsidiary of Macronix International, existing under the laws of the State of California, headquartered at 680 North McCarthy Boulevard, Milpitas, California 95035.  Upon information and belief, Macronix America sells and/or offers for sale nationwide non-volatile memory devices manufactured by Defendant Macronix International.  Macronix America may be served with process by serving its

registered agent for service Tina Y. Lin, at 680 North McCarthy Boulevard #200, Milpitas, California 95035.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Winston & Strawn seeks damages that exceed the minimum amount in controversy required to file suit in this Court and because there is a diversity of citizenship between Winston & Strawn, Macronix International, and Macronix America.

13.     This Court has personal jurisdiction over Macronix International and Macronix America because Macronix has purposely availed itself of the privilege of conducting business in the District of Columbia.  Macronix, through Winston & Strawn, filed a patent infringement complaint at the ITC that resulted in Macronix ITC Inv. 909.  Macronix, though other counsel, filed a patent infringement complaint at the ITC that resulted in *Certain Devices Containing Non-Volatile Memory and Products Containing the Same* ("Macronix ITC Inv. 922"). This collection action arises from Macronix's failure to pay Winston & Strawn for legal services associated in part with asserting patent infringement claims in Macronix ITC Inv. 909 and defending against patent infringement claims in Spansion ITC Inv. 893. These claims were litigated at the ITC, which is solely located in the District of Columbia.  Macronix senior executives residing in Taiwan and California, its Taiwanese legal representative Ms. Lee, and other Macronix personnel traveled to and resided in the District of Columbia for the purpose of participating in the ITC litigations, and regularly communicated by telephone, email, and other means with Winston & Strawn personnel located in the District of Columbia.  Additionally, upon information and belief, a significant volume of Macronix International's devices contained in its customer's products are sold in the District of Columbia.

-4-

14.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Winston & Strawn's claims occurred in Washington, D.C.

## FACTUAL BACKGROUND

### Winston & Strawn's Representation of Macronix

15.     On or about August 1, 2013, Spansion filed a patent infringement complaint against Macronix at the ITC which became Spansion ITC Inv. 893 and separately filed a patent infringement complaint against Macronix in the U.S. District Court for the Northern District of California ("California Litigation").

16.     On or about August 28, 2013, Winston & Strawn formally appeared as counsel of record for Macronix and six of its customers in the Spansion ITC Inv. 893.

17.     On or about October 2, 2013, Winston & Strawn filed on behalf of Macronix a complaint against Spansion in the U.S. District Court for the Eastern District of Virginia ("Virginia Litigation").  The Virginia Litigation was later transferred to the U.S. District Court for the Northern District of California.

18.     On or about October 8, 2013, Winston & Strawn formally appeared as counsel of record for Macronix and six of its customers in the California Litigation.

19.     On or about December 27, 2013, Winston & Strawn filed on behalf of Macronix an ITC patent infringement complaint against Spansion and five of its customers that became Macronix ITC Inv. 909.

20.     On or about January 22, 2015, Macronix and Spansion entered into an agreement that settled all litigation between them—including the California Litigation, the Spansion ITC Inv. 893, the Virginia Litigation, and the Macronix ITC Inv. 909—where Winston & Strawn represented Macronix.

**Engagement Letter and Fee Agreement Between Winston & Strawn and Macronix**

21.     On or about August 26, 2013, Winston & Strawn and Macronix agreed to and entered into an engagement letter for Winston & Strawn to represent Macronix in Spansion ITC Inv. 893, in the California Litigation, and other potential complaints against Spansion ("Engagement Letter").  Winston & Strawn and Macronix also agreed to a set of Guidelines reflecting general policies of Macronix pertaining to outside counsel ("Guidelines").

22.     Macronix was represented in the negotiations and drafting of the Engagement Agreement and the Guidelines by Ms. Stacey Gue-Min Lee.  Upon information and belief, Ms. Lee is the Managing Partner of Kingdoms Law Firm of Taiwan, which purports to have advised Macronix in patent litigation in the United States, including patent litigations at the ITC.  Upon information and belief, Ms. Lee was admitted to The State Bar of California in 1990 (Bar Number 151590) but has been inactive since 1998.

23.     The Engagement Letter described Winston & Strawn's fees for legal services, recovery of costs, and billing arrangements.  Macronix agreed to those terms and executed the Engagement Letter.

24.     Macronix Guidelines require that invoices for legal services and costs must be submitted to Macronix's Liaison Officer for review and payment.

25.     Over the course of Winston & Strawn's representation of Macronix, Winston & Strawn satisfied its obligations under the parties' agreement by providing legal services to Macronix.  Winston & Strawn handled document collection and production, sought offensive discovery and fielded demands from opposing counsel, briefed claim construction, infringement, and other legal issues, located and engaged various expert witnesses to consult with and testify, took and defended dozens of depositions, engaged in pretrial discovery and briefing, and served

as counsel in two trials before the ITC.  A substantial portion of these activities took place in the District of Columbia in coordination with Macronix's Taiwan- and U.S.-based representatives.

**Macronix's Payment History**

26.    Winston & Strawn submitted invoices to Macronix in accordance with the parties' agreement.  The invoices provided by Winston & Strawn identified for each month the timekeepers involved, detailed on a daily basis the work each timekeeper performed, provided the billable time attributable to those activities,  listed the hourly rates charged for each timekeeper, and provided a summary.  The invoices also identified each disbursement of funds that Winston & Strawn made on behalf of Macronix.  In addition, Winston & Strawn provided to Macronix spreadsheets that tracked each disbursement and identified the copy of the receipts provided to Macronix.  When Macronix raised issues regarding those fees and costs and adjustments were made, those adjustments were tracked in a spreadsheet provided to Macronix, and a final account receivable for each invoice was agreed upon.

27.    On or about January 27, 2015, representatives of Winston & Strawn traveled to Taiwan and met with Macronix regarding account receivable issues.  An agreement was reached regarding final discounts, adjustments, and credits for all legal fees and disbursements from the beginning of the engagement through November of 2014 and payment of the account receivable for that period was made.

28.    In January 2015, Macronix changed its designation of its Macronix's Liaison Officer for review and payment of invoices to Ms. Stacey Lee.

29.    Macronix has made no payments for legal services or disbursements identified in the invoices for the period of December 2014 – April 2015.

30.     Winston & Strawn engaged in negotiations with Macronix and offered additional incentives for payment, including dispatching two of its partners to Taiwan in January 2016 to negotiate a final payment agreement for those unpaid invoices.  No agreement was reached.

31.     The outstanding fees and costs billed to and owed by Macronix to Winston & Strawn total or exceed $1,788,509.

## CAUSES OF ACTION

### Count I:  Breach of Contract

32.     Winston & Strawn restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 31 as if fully set forth herein.

33.     Winston & Strawn agreed to provide Macronix with legal services in connection with the California Litigation, the Spansion ITC Inv. 893, and other potential actions like the Virginia Litigation and Macronix ITC Inv. 909.  Macronix agreed to pay Winston & Strawn for those services and the costs and expenses Winston & Strawn incurred in those representations.

34.     Winston & Strawn has performed fully under the parties' agreement or has been prevented from performing as a result of the actions of Macronix.

35.     Macronix has breached the parties' agreement by failing to pay Winston & Strawn in accordance with the agreement.

36.     As a result of Macronix's breach of the parties' agreement, Winston & Strawn has suffered damages and is entitled to recover the value of the services provided.

### Count II:  Quantum Meruit

37.     Further and in the alternative, Winston & Strawn restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 31 as if fully set forth herein.

-8-

38.     Winston & Strawn provided valuable legal services to Macronix, worth not less than $1,788,509, exclusive of interest thereon.

39.     Macronix accepted and benefited from the legal services provided by Winston & Strawn.

40.     Macronix achieved a favorable settlement in the Spansion ITC Inv. 893, the California Litigation, the Virginia Litigation, the Patent & Trademark Office proceedings, and the Macronix ITC Inv. 909 matters handled by Winston & Strawn.

41.     Winston & Strawn notified Macronix that it expected to be paid for its legal services.

42.     Macronix did not pay Winston & Strawn for certain legal services rendered by Winston & Strawn.

43.     As a result, Macronix has been unjustly enriched by receipt and enjoyment of legal services and the fruits of those services without payment and for which payment was expected and requested, and the value of such enrichment exceeds the unpaid legal fees plus interest set forth herein.

## ATTORNEYS' FEES

44.     Winston restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 43 as if fully set forth herein.

45.     As a result of Macronix's refusal to pay Winston & Strawn the amounts identified herein, Winston & Strawn has been forced to retain the services of the undersigned attorneys.

46.     On or before January 2016, more than 30 days prior to filing this suit, Winston & Strawn presented to Macronix the claim for payment of the amount owed by Macronix, but payment for that amount was not tendered by Macronix.

47.     Despite this final effort, Macronix still refused to honor its obligations and pay Winston & Strawn the amounts owed.  As a result, Winston & Strawn seeks and is entitled to recover from Macronix all reasonable attorneys' fees associated with bringing this lawsuit and seeks to recover these amounts from Macronix.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Winston & Strawn requests the Court grant the following relief:

A.  Award Winston & Strawn monetary damages in the amount of $1,788,509;

B.  Award Winston & Strawn pre-judgment and post-judgment interest;

C.  Award Winston & Strawn its costs and attorneys' fees;

D.  Award such other and further relief as this Court deems just and proper.


Respectfully submitted,


  /s/ PAUL MALONEY
Paul J. Maloney, #362533
Carr Maloney P.C.
2020 K Street, NW, Suite 850
Washington, D.C.  20006
(Phone): 202-310-5000
(Fax): 202-310-5555
pjm@carrmaloney.com